TORRUELLA, Circuit Judge,
concurring.
I join the court’s opinion because our precedent establishes that a sentencing *506 court may attribute additional drug amounts to a defendant, to which the criminal defendant has not pled and in addition to the drug amounts specified in the indictment, if the narcotics are part of the same course of conduct or a common scheme or plan as the charged conduct. See United States v. Blanco, 888 F.2d 907, 909 (1st Cir.1989). “For two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as victims, common accomplices, common purpose, or similar modus operandi.” United States v. Santos Batista, 239 F.3d 16, 21 (1st Cir.2001) (citing U.S.S.G. § 1B1.3, cmt. n. 9). Despite our-precedent, I find this general practice troubling as it routinely results in significant sentence increases based on uncharged, untried, and unpled to behavior. I fear that our continued acceptance of this practice improperly prejudices criminal defendants and downgrades the quality of our judicial system.